UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
MAURICE F. DOONA,

                Plaintiff,

                -against-

ONESOURCE HOLDINGS, INC.,

                Defendant.
-------------------------------------------------------------------x

**SUMMARY ORDER**
06-CV-00894 (DLI) (VVP)

**DORA L. IRIZARRY, United States District Judge:**

On October 30, 2009, the Honorable Viktor V. Pohorelsky, United States Magistrate Judge, filed a Report and Recommendation on the defendant's motion for summary judgment (the "R & R"), recommending that the motion be granted. On November 13, 2009, plaintiff filed objections to the R & R, and, on November 23, 2009, defendant filed a memorandum in support of the R & R and in opposition to plaintiff's objections. After carefully reviewing the R & R and related submissions, the recommendations concerning defendant's motion for summary judgment are adopted in their entirety.[1]

In reviewing a magistrate judge's R & R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a party objects to an R & R, the court must engage in *de novo* review of those portions of the report to which the party specifically objects. *See United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).

The court is unpersuaded by plaintiff's objection that the magistrate judge did not apply the proper summary judgment standard. This court agrees that the respective burdens that the parties bear in a summary judgment motion are procedural rather than substantive, and are thus subject to federal

---

[1] This summary order assumes the parties' familiarity with this case's factual background and procedural history.

rather than state law. *See Tingling v. Great Atl. & Pac. Tea Co.*, No. 02-cv-4196 (NRB), 2003 WL 22973452, at *2 n.2 (S.D.N.Y. Dec. 17, 2003) (applying the federal standard for summary judgment because the issue of what burden a movant bears is "procedural rather than substantive").[2] The magistrate judge properly applied the federal standard for review articulated in Rule 56 of the Federal Rules of Civil Procedure as well as *Celotex v. Catrett*, 477 U.S. 317 (1986) and its progeny, as opposed to the summary judgment standard that would ordinarily apply in a New York state court.

Plaintiff's additional objection to the magistrate judge's finding that defendant did not owe a duty to plaintiff is also unavailing. The evidence adduced in discovery does not support a departure from the general rule under New York law that the breach of a contractual obligation to render services does not give rise to tort liability in favour of a non-contracting party. (*See* R & R at 9 (citing cases).) The service contract between the defendant and American Airlines belies plaintiff's assertion that the "[d]efendant was the exclusive provider of regular safety monitoring, cleaning, and inspection in the subject bathroom," thereby displacing American Airlines' duty to maintain the premises safely. (See Pl.'s Objections at 2.) Rather, American Airlines retained responsibility for plumbing maintenance and repair. (R & R at 3 (citing Motola Decl. Ex. D at 5-10; Motola Decl. Ex. F); *see also* Def.'s Opp. to Pl.'s Objections at 4-5 (citing other evidence presented in the moving papers which establishes that defendant's duties were of

---

[2] *See also Cousin v. White Castle System, Inc.*, No. 06-cv-6335 (JMA), 2009 WL 1955555, at *4 & n.2 (E.D.N.Y. July 6, 2009) (finding that the parties' burden of proof was procedural rather than substantive, and therefore governed by federal law); *In re WorldCom, Inc.*, 374 B.R. 94, 105 (S.D.N.Y. 2007) (applying the federal standard for summary judgment instead of the New York state standard used in the parties' pleadings); *Yeshiva Chofetz Chaim Radin, Inc. v. Village of New Hempstead,* 98 F. Supp. 2d 347, 359-360 (S.D.N.Y. 2000) (holding that the standard for summary judgment is procedural in nature and governed by Fed. R. Civ. P. 56(c)); *Resolution Trust Corp. v. Diamond,* 801 F. Supp. 1152, 1164 & n.8 (S.D.N.Y.1992) (finding that "the Federal Rules of Civil Procedure . . . govern procedural matters such as the standard for summary judgment") (rev'd on other grounds) (citation omitted).

a limited undertaking).)  As such, defendant did not owe plaintiff a duty and cannot be held liable to him in tort.

The court notes, that even if plaintiff's objections had merit, they would have no impact on the court's ruling on the instant motion.  Assuming, *arguendo*, that the appropriate for determination of a summary judgment motion were dictated by New York law as opposed to federal law, plaintiff still fails to establish a *prima facie* case of negligence for the reasons articulated in the R & R.  (*See* R & R 7-8.)  Similarly, even if defendant owed plaintiff a duty of care as a result of its contract with American Airlines, plaintiff is unable to show that defendant breached that duty of care by either creating the hazard or by failing to remedy the problem by the negligent performance of its duty.  (*See* R & R at 12-16.)

Wherefore, upon due consideration, the court adopts the R & R in its entirety and grants defendant's motion for summary judgment for the reasons set forth therein.  Accordingly, this action is hereby dismissed.

SO ORDERED

DATED:   Brooklyn, New York
         January 7, 2010

                                            _____/s/_____
                                            DORA L. IRIZARRY
                                            United States District Judge